IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MATT MAHAN                                                                                 PLAINTIFF

vs.                                              CIVIL ACTION NO. 2:10cv0128-KS-MTP

WALMART STORES, INC.                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion To Partially Dismiss Plaintiff's Complaint [Doc. # 5] (July 13, 2010), filed on behalf of Defendant Walmart Stores, Inc. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the summary judgment motion should be granted in part and denied in part. The court specifically finds as follows:

## I. FACTS

Matt Mahan was employed by Walmart from July 2004 to September 2009 as a Market Electronics Merchandiser. Pl.'s Mem. Opp. 2 [Doc. # 10]. During his time with Walmart, Mahan, a white male, claims that he was denied promotions, and in one case a lateral transfer, because of his race and/or gender. *Id.* First, in October 2007, Mahan applied for Market Human Resources Position. After months of "stonewalling," Sharon Dean, the black female Human Resources Director, awarded the position to "a less qualified white, female candidate" in April 2008. *Id.* at 2, 21. Second, in 2008, Mahan applied for Market Asset Protection Manager. *Id.* at 2. He was denied an interview and a less qualified black male was offered the position. *Id.* Third, in 2008 Mahan applied for a transfer to an open Market Electronics Merchandiser position

1

in New Albany, Mississippi. *Id.* He was denied this transfer in favor of a "less qualified black, female candidate." *Id.* Fourth, in late 2008, Mahan applied for Regional Compliance Manager, but was denied the promotion in favor of a "less qualified minority." *Id.* at 3. Finally, in late 2008, Mahan again applied for Market Human Resource Manager, and was denied. *Id.*

Mahan argues that Walmart's strict diversity policies and programs led to hiring practices that were "inherently discriminatory and hostile to white males." *Id.* Mahan claims that his continual denial of promotions and transfer was "part of a pattern of discrimination and rose to the level of a hostile work environment." *Id.* Mahan also alleges constructive discharge in September 2009. *Id.* at 5. Mahan filed his EEOC charge on August 19, 2009, and then filed suit on May 24, 2010, after the EEOC issued its right to sue letter on March 23, 2010.

In his Amended Complaint [Doc. # 8], Mahan alleges six causes of action under Title VII of the Civil Rights Act of 1964 as amended by Civil Rights Act of 1991 and 42 U.S.C. § 1981: 1) Race discrimination in violation of Title VII; 2) Color discrimination in violation of Title VII; 3) Gender discrimination in violation of Title VII; 4) Hostile work environment in violation of Title VII; 5) Pattern and practice discrimination in violation of Title VII; and 6) Violation of equal rights because of race under 42 U.S.C. §1981. *See* Am. Compl. ¶¶ 80-107. Presumably, Mahan is alleging that his race, sex, and color, were motivating factors for each of the five denials of promotion and transfer which were discrete acts actionable under the first three causes of action raised under Title VII. And, as noted above, Mahan seems to be alleging an additional cause of action for constructive discharge which this court will consider the seventh cause of action.

In its motion, Walmart seeks partial dismissal of some of the claims against it. First,

Walmart claims that Mahan is time-barred from raising claims of discrete discriminatory acts under Title VII that occurred prior to February 19, 2009, which includes the first two denials of promotion. Second, Walmart argues that the 42 U.S.C. § 1981 claim must fail for the first denial of promotion because the person who was awarded the position was the same race as Mahan.

## II. STANDARD OF REVIEW

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir. 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston*

3

*Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

## III. APPLICATION

### A. Claims Under Title VII for Discrete Discriminatory Acts before February 19, 2009 Are Time-Barred

Plaintiff alleges race, color, and gender discrimination in violation of Title VII of the Civil Rights Act of 1964. Title VII forbids an employer from subjecting an employee to an adverse employment action because of their race, color, or gender. *See* 42 U.S.C. § 2000e-2(a)(1) (2000). "A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[1] "A claim is time barred if it is not filed within these time limits." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Id.* at 110. "A party, therefore, must file a charge

---

[1] Section § 1981, which does not require administrative action or provide an express statute of limitations, is "governed by the most closely analogous limitations period provided under state law." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004) (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 463-66, 44 L.Ed.2d 295, 95 S.Ct. 1716 (1975); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003)). Therefore, the § 1981 claims raised for actions occurring before February 19, 2009, are not at issue in this motion.

within either 180 or 300 days of the date of the act or lose the ability to recover for it."[2] *Id.* The Supreme Court in *Morgan* went on to find:

> We derive several principles from these cases. First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Id.* at 113.

The EEOC charge was filed August 19, 2009, and so any actions occurring more than 180 days before this date, or before February 19, 2009, would be time-barred. The Plaintiff concedes that the two claims pre-dating February 19, 2009, were not reported to the EEOC within the 180 day window following the discrete discriminatory act, and that, under *Morgan*, the claims under Title VII for discrete discriminatory acts would be dismissed. Mahan notes that the actions taken in these two instances are relevant to his hostile work environment claim and his pattern and practice discrimination claim. To the extent that Mahan's amended complaint raises claims under Title VII for discrete discriminatory acts relating to the first and second denials of promotion, these claims are properly dismissed as time-barred. The Court need not address the continuing violation doctrine's applicability to claims for hostile work environment

---

[2]The 300 day time period to file a charge only applies when the aggrieved person has sought relief "with a state of local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1). This is not the case here and the 300 day period is inapplicable in this case.

or pattern and practice discrimination or the evidence that may be introduced to prove them, as these are outside the scope of Walmart's motion to partially dismiss.

## B. Plaintiff May Establish *Prima Facie* Case Under § 1981 Even Though He Is Replaced With Member of Same Protected Group

42 U.S.C. § 1981 states that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"[Section] 1981 is applicable to racial discrimination in private employment against white persons." *McDonald v. Sante Fe Trail Transp. Co.*, 427 U.S. 273, 287 (1976). Without direct evidence of discrimination, a plaintiff can use the *McDonnell Douglas-Burdine* framework to establish his *prima facie* case and raise a presumption of discrimination. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179-80 (5th Cir. 1999).[3] To state a *prima facie* case for race discrimination, the plaintiff must show that he: (1) is a member of a protected class; (2) was qualified and applied for his position; (3) was subject to an adverse employment action; and (4) that he was replaced by someone outside his protected class or that others similarly situated were treated more favorably than him. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253-54 (1981); *Okoye v. University of Texas Houston Health Ctr.*, 245 F.3d 507, 512-13

---

[3]The analysis is the same under both §1981 and Title VII. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

6

(5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)). If the plaintiff successfully sets forth the *prima facie* case of discrimination, then the defendant must articulate some legitimate, non-discriminatory explanation for their actions. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000). If the defendant can produce this non-discriminatory reason, the presumption disappears. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Although the Supreme Court has not squarely addressed the issue, the Fifth Circuit has held that replacement by a member of the same class does not negate the possibility of discrimination. *See Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 & n.7 (5th Cir. 1997). Specifically, the Court in *Nieto* said that the controlling precedent in the circuit "explicitly recognized that the single fact that a plaintiff is replaced by someone within the protected class does not negate the possibility that the discharge was motivated [by] discriminatory reasons." *Id*. at 624 n.7 (citing *Hornsby v. Conoco, Inc.,* 777 F.2d 243, 246-47 (5th Cir. 1985). As this is the only grounds presented by Walmart to show that Mahan failed to present a *prima facie* case of race discrimination, the motion should be denied as to this issue.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Partially Dismiss Plaintiff's Complaint [Doc. # 5] filed on behalf of Walmart Stores, Inc., is hereby **granted in part and denied in part**. Walmart's motion to dismiss Mahan's § 1981 claim for failure to promote him to Market Human Resource Manager's position in April 2008 is denied. The

claims for discrete discrimination under Title VII for actions occurring before February 19, 2009, specifically, the failure to promote to Market Human Resource Manager position in April 2008 and the failure to promote to Market Asset Protection Manager position in 2008 are time-barred and are **dismissed with prejudice**. A separate judgment shall be entered herein in accordance with FED.R. CIV. P 58.

      SO ORDERED AND ADJUDGED this the 25th day of August, 2010.

                                *s/Keith Starrett*
                                UNITED STATES DISTRICT JUDGE